UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OGUNNIYI, VICTOR (TBP)/COMMSOLGLOBAL LLC,<br><br>  Plaintiff,<br><br>v.<br><br>US NAVY/COMNAVSEA/VADM W. J. GALINIS,<br><br>  Defendants. | Case No.: 22-CV-32 TWR (MDD)<br><br>**ORDER (1) DENYING MOTION FOR RECONSIDERATION, (2) DISMISSING ACTION WITHOUT PREJUDICE**<br><br>(ECF No. 12) |

Presently before the Court is Plaintiff Victor Ogunniyi's response to the Court's Order to Show Cause. ("Response," ECF No. 12.) After carefully considering the Complaint, Plaintiff's Response, and the relevant law, the Court **DISMISSES WITHOUT PREJUDICE** this action for lack of subject-matter jurisdiction and **DENIES AS MOOT** Plaintiff's Motion for Reconsideration.

**BACKGROUND**

The Court incorporates the factual and procedural background from the Court's August 25, 2022 Order. (*See* ECF No. 11 at 2.)

/ / /

/ / /

/ / /

## ANALYSIS

### I.     Subject-Matter Jurisdiction

As Plaintiff concedes, (*see* Resp. at 10), "federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Despite Plaintiff's assertion that "justice" and "truth" are "universal . . . and must be treated in any Federal Court," subject-matter jurisdiction is not a waivable or malleable requirement. On the contrary, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"The Plaintiff's understanding is that the Federal Claims Court has exclusive jurisdiction over contract claims great than $10,000 against the government." (Resp. at 11.) Plaintiff's understanding is correct. Plaintiff, however, continues that "there should be no reason why this Honorable Court should not . . . play a significant role." (*Id.*) But as Plaintiff himself initially (and correctly) recognized, the jurisdiction in the Federal Court of Claims "*exclusive.*" (*Id.* (emphasis added).) Accordingly, this Court does not have jurisdiction to rule on *any part* of this case—including Plaintiff's request that the Court rule on "the fact that this Plaintiff has the privity of contract" and thus is a "Third Party Beneficiary." (*Id.*) Indeed, those issues should have been—and were—properly raised on appeal rather than before this Court. *See Ogunniyi v. United States*, 655 F. App'x 842 (Fed. Cir. 2016).

Therefore, pursuant to 28 U.S.C. § 1491 this Court lacks subject-matter jurisdiction and thus **DISMISSES WITHOUT PREJUDICE** this action.[1] Although dismissal of Plaintiff's action for lack of subject-matter jurisdiction is necessarily without prejudice, *see Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("Article III

---

[1]     Plaintiff included a section addressing why this action was not barred by the statute of limitations. (*See* Resp. at 12–13.) Because the Court does not have subject-matter jurisdiction over the case, *see supra* Section I, the Court need not reach the merits of Plaintiff's argument.

2

22-CV-32 TWR (MDD)

deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist."), Plaintiff **SHALL NOT REFILE** this action in this District.

II.     **Motion to "Revisit and Reconsider Opinion"**

Plaintiff requests that that Court reconsider its previous ruling to vacate the prior entry of default against Defendants, which was based on Plaintiff's failure properly to serve Defendants. (*See generally* Resp.) In light of the Court's dismissal of this action for lack of subject-matter jurisdiction, the Court **DENIES AS MOOT** Plaintiff's request for reconsideration.

## CONCLUSION

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint and **DENIES AS MOOT** Plaintiff's Motion for Reconsideration.

**IT IS SO ORDERED.**

Dated: September 14, 2022

_____
Honorable Todd W. Robinson
United States District Judge